UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WARDELL POLK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:19 CV 2042 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **MEMORANDUM AND ORDER**

Wardell Polk seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Polk pleaded guilty to three counts of obstructing commerce by robbery, one count of discharging a firearm in furtherance of a crime of violence, and one count of possessing a firearm after having been convicted of a felony. His was a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., for a sentence of 252 months imprisonment. As part of the agreement, the government agreed to dismiss two additional counts of possessing and brandishing a firearm during a crime of violence, which each would have carried significant mandatory minimum sentences. I accepted the agreement and sentenced Polk to the agreed term of 252 months. Criminal Case No. 4:17CR225CDP, ECF 100, 114.

During a two-month period in 2016, Polk committed three different armed robberies of two different Taco Bell restaurants. In the first robbery he was

accompanied by an accomplice not identified to the court. The second and third robberies were of the same Taco Bell, and Polk was accompanied both times by the co-defendant in this case, Lenard Kelly. In all three robberies Polk carried the same turquoise handgun. During the third robbery he fired the gun into a wall directly above one of the employees. After Polk and Kelly exited the restaurant and were standing on the parking lot, the police arrived, and both defendants fled on foot. While fleeing Polk shot the turquoise handgun at the officers. All three robberies and portions of Polk's attempted escape during the third offense were captured on video. He was apprehended while climbing a fence. Polk admitted all of these facts under oath at his plea hearing.

Polk has now filed a § 2255 motion and an amended § 2255 motion alleging the following grounds for relief:[1]

1) He was not provided legal materials to understand his legal situation despite his requests for help;

2) After he expressed his desire to plead not guilty, his counsel told him that his best option would be to plead guilty but did not show him any incriminating evidence against him;

3) After he asked his counsel whether he could do anything to obtain leniency or a more favorable plea deal, his counsel did not show any evidence of negotiations or discussions with the prosecutor; and

---

[1] Polk originally submitted a letter claiming that he received ineffective assistance of counsel and requesting that counsel be appointed to represent him in a post-conviction motion. Crim. ECF 118. The Court entered an Order directing that his letter be docketed as a motion to vacate or set aside his sentence, denied his request for appointment of counsel, and directed the Clerk to send Polk the form for filing a § 2255 motion. Crim. ECF 117.

4) When Polk questioned his counsel about the difference between his plea deal and his co-defendant's deal, he was told that the difference was attributable to his co-defendant's agreement to testify against Polk if he went to trial, but Polk was not shown any proof that his co-defendant would so testify.

Polk has also filed a more recent motion in the criminal case, Crim ECF 133, seeking a reduction of his sentence to 120 months, raising many of the same arguments he raises here. I will deny Polk's § 2255 motion without an evidentiary hearing for the reasons that follow, and will deny the motion in the criminal case for the same reasons.

## Discussion

To state a claim for relief under 28 U.S.C. § 2255, a federal prisoner must show that his sentence

> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

Although Polk does not explain which of his constitutional rights were violated, in each of his grounds for relief Polk appears to claim that he received ineffective assistance of counsel during plea negotiations, and I will liberally construe the motion as raising that claim.

Claims of ineffective assistance of counsel are governed by the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on these claims, Polk must show that (1) his attorney's performance "fell below an

- 3 -

objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's errors, he would not have [pleaded] guilty and would have insisted on going to trial." *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011) (internal quotations omitted).  I need not address both components if Polk makes an insufficient showing on one of the prongs.  *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

As an initial matter, Polk's claims fail because he does not allege that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").  He does not explain how any deficiencies in his counsel's performance would have affected his decision to plead guilty, nor what evidence his counsel should have disclosed to him.

Moreover, Polk's claims are directly contradicted by his written plea agreement and his sworn statements to the Court during his change of plea hearing. Polk admitted that the government could prove each of the elements of his crimes beyond a reasonable doubt, agreed that he was "fully satisfied with the representation received from defense counsel," and stated that he "reviewed the United States' evidence and discussed the United States' case and all possible

defenses and defense witnesses with defense counsel," his counsel "completely and satisfactorily explored all areas which [Polk] ha[d] requested relative to the United States' case and any defenses." Crim. ECF 100 pp. 4-6, 17.  Most importantly, Polk admitted that he was guilty of the crimes and had, in fact, committed the robberies.  He specifically stated that he had enough time to discuss his case with his counsel, he was satisfied with counsel's representation, there was nothing that he wanted counsel to do that counsel failed or refused to do, and that everything in his plea agreement was true.  Crim. ECF 123 p. 4.  After ensuring Polk was pleading guilty knowingly and voluntarily, I accepted his guilty plea.  *Id.* at pp. 23-24.

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Polk's vague and unsupported allegations of ineffective counsel do not overcome that presumption.  *Id.* ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").  Because Polk does not adequately allege his claims and they are contradicted by the record, I will deny his motion.

From both the § 2255 motion and the related motion more recently filed in the criminal case, it appears that Polk's real complaint is that he should have gotten a better plea deal, especially when compared with his co-defendant's much lower

- 5 -

sentence. But his co-defendant only participated in the last two robberies, not the first, and did not fire a gun at the employees or at the police officers. Additionally, Polk's criminal history was very significant, including multiple drug and firearms offenses.[2] A defendant is not entitled to relief under § 2255 merely because he later becomes dissatisfied with a sentence that he himself agreed to. Polk has presented nothing to contradict his sworn statements that he was entering the plea knowingly and voluntarily.

    The record before me conclusively demonstrates that Polk has no right to relief, so I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that [she] is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The record here conclusively refutes Polk's claims, so I will not hold an evidentiary hearing.

---

[2] Polk committed these offenses while on federal supervised release from a conviction for being a felon in possession of a firearm. Case No. 4:08CR504 CDP. On the supervised release revocation matter in that case I sentenced him to 24 months, to be served concurrently with the sentence in this case.

## Certificate of Appealability

As Polk has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Wardell Polk's motion and amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [1,2] are denied.

A separate judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of May, 2022.